UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRUCE WAYNE MILLER,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>CLIFF ALLENBY, Acting Director, California Department of Mental Health,<br><br>　　　　Respondent. | Case No:  C 13-3466 SBA (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; AND DENYING CERTIFICATE OF APPEALABILITY** |

## I.   INTRODUCTION

On July 22, 2013, Petitioner filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  At the time of filing, Petitioner was a civil detainee pending proceedings to involuntarily commit him to Coalinga State Hospital ("Coalinga") as a sexually violent predator ("SVP"), pursuant to the California Sexually Violent Predator Act ("SVPA"), codified at California Welfare & Institutions Code §§ 6600-6609.3.  Respondent moves to dismiss the petition on abstention grounds.  Petitioner has not filed an opposition to the motion.  For the reasons discussed below, Respondent's motion to dismiss is GRANTED.

## II.   BACKGROUND

### A.   AN OVERVIEW OF THE SVPA

The SVPA defines an SVP as a person "convicted of a sexually violent offense against two or more victims for which he or she received a determinate sentence and who has a diagnosed mental disorder that makes the person a danger to the health and safety of

others" that is, is "likely [to] engage in sexually violent criminal behavior." Hydrick v. Hunter, 500 F.3d 978, 983 (9th Cir. 2007) (citing Cal. Welf. & Inst. Code § 6600(a)) rev'd on other grounds, 556 U.S. 1256 (2009).  At least six months before a person who has committed the predicate offenses to qualify as a SVP is to complete his sentence, he is evaluated by the California Department of Corrections and Rehabilitation ("CDCR") and the California Department of State Hospitals ("DSH"), formerly known as the Department of Mental Health.[1]  Id. (citing § 6601).  If the CDCR and DSH agree that the person evaluated may be an SVP, a petition for commitment may be filed by the district attorney or counsel for the county in which the evaluated person was convicted.  Id. (citing § 6601(i)).  Thereafter, a probable cause hearing takes place during which a state court judge decides whether to issue an order pursuant to section 6601.5.  The court considers whether "the petition, on its face, supports a finding of probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release[.]"  Cal. Welf. & Inst. Code § 6601(k).  Upon finding probable cause, the court "shall toll that person's parole pursuant to paragraph (4) of subdivision (a) of Section 3000 of the Penal Code, if that individual is determined to be a sexually violent predator."  Id.  A jury trial then takes place and if that person is found by the jury to be an SVP who poses a danger to the health and safety of others, he is civilly committed for an indefinite period to commence after his criminal sentence is fulfilled.  Hydrick, 500 F.3d at 983 (citing §§ 6602-6604).

To ensure alleged SVPs are properly evaluated under section 6601, the DSH publishes a handbook and standardized assessment protocol for evaluators.  See Reilly v. Superior Court, 57 Cal. 4th 641, 649 (2013).  In 2008, the Office of Administrative Law ("OAL") received a petition alleging that ten provisions in the DSH's 2007 Clinical Evaluator Handbook and Standardized Assessment Protocol had not been adopted according to California's Administrative Procedures Act ("APA").  Id.  The OAL agreed

---

[1] As of July 1, 2012, the Department of Mental Health became DSH.  In this Order, the Court will refer to this department under its new name.

1  and ruled that certain provisions of the handbook and assessment protocol met the
2  definition of a regulation and should have been adopted in accordance with the APA.  Id.

3  Notably, the OAL clarified that its ruling concerned only whether the 2007
4  assessment protocol constituted a regulation under Government Code § 11342.600, stating
5  that "[n]othing in this analysis evaluates the advisability or the wisdom of the underlying
6  action or enactment."  Id. (citation omitted).  The OAL recognized that it "has neither the
7  legal authority nor the technical expertise to evaluate the underlying policy issues
8  involved."  Id. (citation omitted).  In other words, its conclusions addressed only the
9  procedural validity of the 2007 assessment protocol; it did not address the protocol's
10 substantive validity.  Id.

11 It was against this backdrop that, in November 2009, the California Court of Appeal
12 in In re Ronje, 179 Cal. App. 4th 509 (2009), concluded that alleged SVPs who had been
13 evaluated under the invalid 2007 assessment protocol were entitled to entirely new
14 evaluations and a new probable cause hearing "based on those new evaluations."  Reilly, 57
15 Cal. 4th at 650 (citing In re Ronje, 179 Cal. App. 4th at 521).

16 Almost four years later, on August 19, 2013, the California Supreme Court issued its
17 opinion in Reilly, in which it disapproved of In re Ronje, and held that relief arising from
18 use of an invalid protocol in an SVP's evaluation requires a showing that the error was
19 material.  57 Cal. 4th at 655; see also id. at 657, n.5.

20 **B.    BACKGROUND RELATING TO PETITIONER'S EVALUATION AS AN SVP**

21 On April 18, 2006, the DSH requested that a "petition for involuntary treatment" be
22 filed in Petitioner's case.  Dkt. 17, Ex. 1.  Attached in support of this request were
23 psychological evaluations submitted by Christopher Matosich, Ph.D. and Robert Brook,
24 Ph.D., dated March 24, 2006 and April 4, 2006, respectively.  Id.

25 On August 18, 2006, the District Attorney of the City and County of San Francisco
26 filed a petition to commit Petitioner as an SVP.  Id.

27 On May 14, 2008, the San Francisco County Superior Court found probable cause to
28 believe Petitioner was an SVP.  Dkt. 17, Ex. 2.

On May 26, 2010, the state superior court ordered that new evaluations be performed pursuant to In re Ronje, after which it would hold a new probable cause hearing. Dkt. 17, Ex. 3. The court indicated that it would "not vacate any previous probable cause finding" and that "[n]o previous evaluations will be stricken" at that time. Id. At the time of the court's ruling in 2010, In re Ronje was controlling—though, as noted, it was later disapproved in Reilly in 2013.

Between October 2010 and July 2013, Petitioner filed motions for substitution of counsel and defense counsel requested continuances, and thus the case was continued numerous times. Dkt. 17, Ex. 4.

During this time, Petitioner filed unsuccessful state habeas petitions in the state superior, appellate and supreme courts, arguing that he was being unlawfully detained. Dkt. 17, Exs. 5-7. He specifically argued that the state superior court had no authority to hold him after it allegedly struck the evaluations and the probable cause finding on May 26, 2010. Dkt. 17, Exs. 5-6. The state supreme court denied the last of these petitions on October 12, 2011. Dkt. 17, Ex. 7.

On July 22, 2013, Petitioner filed the instant federal habeas petition, raising the same claim he raised in his state habeas petitions.[2] Though Petitioner identifies no federal constitutional error, liberally construed, his claim is construed as raising a violation of his right to due process based on the state superior court's failure to dismiss the SVP petition when it found the evaluations supporting the petition invalid.

### C. ONGOING STATE COURT PROCEEDINGS

At the time Petitioner had commenced the instant action, the new psychological

---

[2] Petitioner also raised a second claim that his confinement at Coalinga placed him at risk of contracting valley fever. Dkt. 1 at 5. However, a federal habeas petition is not the appropriate procedural vehicle to raise such a claim relating to the conditions of Petitioner's confinement. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint). Accordingly, Petitioner's second claim is DISMISSED without prejudice to raising it in a civil rights action filed in the United States District Court of the Eastern District of California, where Coalinga is located.

evaluations that the state superior court had ordered in 2010 pursuant to In re Ronje had not yet been conducted due to the many aforementioned requested continuances. Without these evaluations, no new probable cause hearing could be scheduled.  However, on August 19, 2013, the California Supreme Court issued its opinion in Reilly, which, as noted, disapproved of In re Ronje.  Reilly, 57 Cal. 4th at 655; see also id. at 657, n.5.  Therefore, at the setting date for the probable cause hearing,[3] the state superior court relied on Reilly and reversed its previous 2010 decision ordering new evaluations and a new probable cause hearing.  Dkt. 17, Ex. 9 at 1-2.

On October 4, 2013, Petitioner filed a petition for a new probable cause hearing under Reilly, and requested new assessments and a new probable cause hearing "because the prior probable cause hearing relied on assessments using an invalid protocol."  Dkt. 17, Ex. 8 at 4.  The People opposed the petition and argued that Petitioner had made no showing that there was a material error as a result of the evaluations based on the invalidated protocol.  Dkt. 17, Ex. 9 at 3.  On October 21, 2013, the state superior court denied the petition for a new probable cause hearing.  Dkt. 17, Ex. 10.  Subsequently, Petitioner filed a motion for reconsideration of the denial of his petition for a new probable cause hearing, which was denied on November 4, 2013.  Dkt. 17, Ex. 11.

On January 13 and March 3, 2014, Petitioner requested continuances.  Dkt. 17, Ex. 12.

On April 16, 2014, Petitioner filed a petition for a writ of mandate in the California Court of Appeal, challenging the state superior court's October 21 and November 4, 2013, rulings.  Dkt. 17, Ex. 13.  According to the state appellate court's online database, the petition was denied on April 24, 2014.  See Miller v. Superior Court of the City and County of San Francisco, Case No. A141558 (Apr. 24, 2014).

---

[3] The exact date of the setting date for the probable cause hearing is not apparent in the record, but based on the record presented, it appears that it was between August 19, 2013 (the date Reilly was issued) and October 4, 2013 (the date Petitioner requested a new probable cause hearing).

At this juncture, the Court has not been made aware of whether a jury trial has been held on the matter of Petitioner's civil commitment as an SVP. After Respondent filed the instant motion to dismiss, Petitioner did not file an opposition to the motion, despite being granted an extension of time to do so. Dkt. 20. The Court's Order granting the aforementioned extension of time is the last document docketed in this case. Therefore, the Court presumes, based on the record presented, that no jury trial has been held as of yet.

## III. DISCUSSION

Respondent moves to dismiss the petition on abstention grounds, under Younger v. Harris, 401 U.S. 37 (1971). Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger, 401 U.S. at 43-46; see also Carden v. Montana, 626 F.2d 82, 84 (9th Cir.1980) (applying Younger to habeas petition challenging state pretrial proceedings). The policies underlying Younger abstention are fully applicable to noncriminal judicial proceedings when important state interests are involved, and when the state proceedings afford an adequate opportunity to raise constitutional claims. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); id. at 434-37 (finding Younger abstention applicable to state bar disciplinary proceedings where important state interest of regulating attorney conduct involved, constitutional claims could be addressed in state proceedings, and no extraordinary circumstances warranted federal intervention).

Here, Petitioner is in custody awaiting the completion of state civil commitment proceedings that will determine whether he will be sentenced to a term of confinement under the SVPA. Applying the principles discussed in Middlesex, the Court finds Younger abstention is applicable to the proceedings pending against Petitioner. In particular, the proceedings are judicial in nature, they involve important state interests concerning the State's regulation of sexually violent offenders, and they afford Petitioner an opportunity to raise his constitutional claims. Moreover, Petitioner has made no showing that extraordinary circumstances exist that would require federal intervention. See Younger,

401 U.S. at 46 (holding extraordinary circumstances exist when there is danger of great and immediate irreparable loss; holding cost, anxiety and inconvenience of defending against good-faith criminal prosecution not extraordinary circumstance requiring federal intervention); see also Carden, 626 F.2d at 84 (holding federal intervention appropriate only under "special circumstances," such as proven harassment, bad faith prosecution, or other extraordinary circumstances resulting in irreparable injury).

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Respondent's motion to dismiss is GRANTED.

2. The petition is hereby DISMISSED without prejudice to Petitioner's filing a new federal habeas petition once his state civil commitment proceedings are completed and he has exhausted his state court remedies as to all claims he wishes to raise in federal court.

3. A certificate of appealability is DENIED. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

4. The Clerk of the Court shall terminate all pending motions, enter judgment and close the file.

5. This Order terminates Docket No. 17.

IT IS SO ORDERED.

Dated:  1/30/15

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.13\Miller3466.grantMTD(Younger)-rev3.docx